UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDRICK MARTEZ MARTIN #338567,

    Plaintiff,

v.                                        Case No. 2:18-CV-66

DAVE RINK, et al.,                     HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Fredrick Martez Martin, a state prisoner at a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants Chaplain Dave Rink, former Special Activities Coordinator Michael Martin, Special Activities Coordinator David Leach, and Deputy Director Kenneth McKee violated his religious rights by (1) preventing him from eating an Islamic Halal meal or an appropriate alternative, and (2) restricting his access to certain religious materials. Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his available administrative remedies against Defendants Rink, Martin, and Leach with respect to Plaintiff's first claim, and Plaintiff failed to exhaust his available administrative remedies against any Defendant with respect to his second claim. (ECF No. 9.) Plaintiff did not file a response. Magistrate Judge Maarten Vermaat submitted a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for partial summary judgment, dismissing all claims against Defendants Rink, Martin, and Leach, and dismissing Plaintiff's claim regarding restricted access to religious materials against Defendant McKee. (ECF No. 16.)

Plaintiff has filed an objection to the R & R. (ECF No. 18.) Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Plaintiff's sole objection to the R & R is to the magistrate judge's conclusion that Plaintiff "failed to file a grievance relating to restrictions on his access to certain religious books, publications, and lecture materials," and "[t]herefore, Plaintiff's claims regarding these issues are unexhausted." (R & R, ECF No. 16 at PageID.193.) Plaintiff argues that the magistrate judge's conclusion was not based on any record evidence submitted by Defendants and that, because Defendants have the burden of persuasion on an affirmative defense such as failure to exhaust, the magistrate judge improperly granted summary judgment to Defendants. However, Plaintiffs fails to recognize record evidence on this precise issue. Defendants attached as Exhibit B to their motion for summary judgment an affidavit from MDOC Departmental Analyst Carolyn Nelson, attesting that the attached Step II grievance report presented a comprehensive list of grievances that Plaintiff filed through the Step III appeal and included the underlying grievance documents for the grievances referenced in the report. (ECF No. 10-3.) None of the grievances related to Plaintiff's claim that Defendants restricted his access to religious literary materials. Thus, the Court agrees with the magistrate judge that Plaintiff failed to exhaust his available administrative remedies with respect to that claim.

For the reasons stated above, the June 3, 2019, Report and Recommendation (ECF No. 16) is **approved** and **adopted** as the Opinion of the Court. Plaintiff's objection to the R & R (ECF No. 18) is **overruled**. Defendants' motion for partial summary judgment (ECF No. 9) is **granted**. Plaintiff's claims against Defendants Rink, Martin, and Leach are **dismissed without prejudice**. Plaintiff's claim against Defendant McKee based on an alleged restriction of access to religious literary materials is also **dismissed without prejudice**. The remaining claim in this case is against Defendant McKee for allegedly violating Plaintiff's religious rights by preventing him from eating an Islamic Halal meal or an appropriate alternative, in violation of the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Fourteenth Amendment Equal Protection Clause.

**IT IS SO ORDERED.**

Dated: August 7, 2019
/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE