UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDRICK MARTIN #338567,

        Plaintiff,

v.

KENNETH McKEE,

        Defendant.
_____/

Case No. 2:18-cv-00066

Hon. Gordon J. Quist
U.S. District Judge

# REPORT AND RECOMMENDATION

## I.    Introduction

State prisoner Fredrick Martin filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 2, 2018. Martin says that while he was confined at Chippewa Correctional Facility (URF) in 2016, Defendant denied him access to alternative meal options that comply with his Muslim faith, in violation of the First Amendment (Free Exercise Clause), Fourteenth Amendment (Equal Protection Clause), and the Religious Land Use and Institutionalized Persons Act, (RLUIPA), 42 U.S.C. § 2000cc-1 (2003).

The only remaining Defendant is Michigan Department of Corrections (MDOC) Deputy Director Kenneth McKee. On August 7, 2019, the Court adopted a report and recommendation (ECF No. 16, PageID.184) that recommended the Court dismiss the other three MDOC defendants – Chaplain Dave Rink, former Special Activities Coordinator Michael Martin, and Special Activities Coordinator David

1

Leach – because Martin failed to properly exhaust his claims against them. (ECF No. 20, PageID.205.)

First and foremost, Martin's action challenges the MDOC policy of providing a vegan meal option as a religious meal alternative because it complies with Kosher and Halal religious tenets. (*See* ECF No. 1, PageID.1.) Martin contends that the vegan meal option does not follow the Halal religious tenets because the kitchen devices used to cook the meals are cross-contaminated with foods that violate these tenets. Martin sues McKee because it is MDOC policy that the deputy director must give approval to allow a prisoner a religious meal alternative different from the vegan meal option.

This report and recommendation addresses McKee's motion for summary judgment. He argues that he is entitled to summary judgment because (1) the vegan religious meal policy that Martin challenges does not establish a substantial burden on his religious beliefs as held by several courts, including the Sixth Circuit and this District, (2) Martin failed to show a substantial burden as required to establish a cognizable RLUIPA claim, (3) Martin failed to show that he received disparate treatment in comparison to similarly-situated individuals, (4) Martin failed to show that McKee was personally involved in the denial of his request for alternative meal options, (5) Martin's claims against McKee in his official capacity are barred by the doctrine of sovereign immunity to the extent they seek monetary damages, and (6) Martin's claims against McKee in his personal capacity are barred by the doctrine of

2

qualified immunity because Martin failed to establish violations to his constitutional rights. Martin has failed to respond to McKee's motion.

The undersigned concludes that McKee is entitled to summary judgment because the evidence shows there is no genuine issue of fact regarding McKee's lack of personal involvement and lacks the right to the meal option Martin seeks. In addition, there is no genuine issue of material fact regarding Martin's equal protection claim: he has failed to show that he suffered disparate treatment in comparison to similarly situated prisoners. The undersigned also concludes (1) that Martin's claims against McKee in McKee's official capacity for money damages are barred by the doctrine of sovereign immunity, and (2) that McKee is entitled to the protections of qualified immunity.

The undersigned recommends that the Court grant McKee's motion for summary judgment and dismiss Martin's remaining claims against him.

## II.     Additional Relevant Procedural History

On May 2, 2018, Martin filed this action in federal court. (ECF No. 1, PageID.1.) He alleged that his First Amendment free exercise right, Fourteenth Amendment equal protection right, and the Religious Land Use and Institutionalized Persons Act, (RLUIPA), 42 U.S.C. § 2000cc-1 (2003) were violated. Martin sued all defendants in their official and personal capacities. He seeks a declaratory judgment, injunctive relief, and damages.

On December 10, 2018, the Defendants filed a motion for summary judgment. (ECF No. 9, PageID.74; ECF No. 10, PageID.76.) They argued that Martin failed to properly exhaust his claims. The Court entered a report and recommendation that

3

recommended Defendants Rink, Martin and Leach be dismissed without prejudice. (ECF No. 16, PageID.184.) The Court adopted the report and recommendation in its entirety and dismissed those Defendants without prejudice. (ECF No. 20, PageID.205.)

On August 30, 2019, the Court issued a case management order (CMO). (ECF No. 24, PageID.212.) The Court ordered that discovery be completed by December 30, 2019, that the parties may file motions for summary judgment within 28 days of discovery's closing, and that their responses were due within 28 days of the motions for summary judgment being filed.

On January 27, 2020, McKee filed the motion for summary judgment that is currently before the Court. (ECF No. 28, PageID.220; ECF No. 29, PageID.222.)

### III. Plaintiff's Factual Allegations

In his complaint, Martin states that he is a Muslim and a member of the Nation of Islam. (ECF No. 1, PageID.4.) Martin asserts that he was approved to eat from the religious meal line in 2014. (*Id.*, PageID.6.) Martin further explains that he accepted the Kosher line as an acceptable alternative to a Halal menu. Martin alleges that the MDOC discontinued the Kosher meal line in November of 2013, based upon a settlement in *Dowdy-El v. Caruso*. (*Id.*)

Defendant explains that, as a result of this settlement, the MDOC adopted a vegan religious meal that would comply with all faith requirements. An alternative meal could be requested if a prisoner believed that the vegan meal did not comply with a sincerely held belief. (*Id.*)

Martin says that he was then informed by his religious representative that the vegan meal did not comply with his religious requirements. Martin requested an

4

alternative menu and was given a test by Chaplain Rink. Chaplain Rink informed Martin that the MDOC did not have an alternative meal and never intended to provide one for Muslims. (*Id.*, PageID.7.)

Martin alleges that this meal program places a substantial burden on his ability to practice his religion. (*Id.*)

Martin also asserts that certain Nation of Islam books have been banned by Defendants, such as "How to Eat to Live vol. I & II, Our Savior Has Arrived, Secret Relationship between Blacks and Jews, and Supreme Wisdom." He also says that some lectures from Messenger Elijah Muhammad and Minister Louis Farrakhan have been banned. (*Id.*, PageID.9.)

Martin alleges that he needs these publications and materials to better understand his faith.

Martin alleges that his First Amendment free exercise and Fourteenth Amendment equal protection rights were violated. He also alleges that McKee's conduct violated the Religious Land Use and Institutionalized Persons Act, (RLUIPA), 42 U.S.C. § 2000cc-1 (2003).

## IV. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## V.     Personal Involvement

McKee argues that he is entitled to summary judgment because Martin's evidence does not show that he (McKee) had personal involvement in Martin's case. (ECF No. 29, PageID.239-242 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).) A review of the record shows that there are three pieces of evidence that include McKee's name: (1) the verified complaint (ECF No. 1, PageID.18-24, (2) Martin's deposition testimony (ECF No.29-2, PageID.252-253), and (3) grievance **URF 16-11-4118-20E** (ECF No. 1-4, PageID.39-47; ECF No. 29-4, PageID.261-265).

In his verified complaint, Martin identifies McKee as a defendant because "McKee has final approval over all request [sic] for Religious accommodations" because McKee is the deputy director. (ECF No. 1, PageID.18.) In support of his statement, Martin cites MDOC PD 05.03.150.[1] (ECF No. 1, PageID.21.) Martin

---

[1]     The MDOC policy (MDOC PD 05.03.150 ¶¶ NN-XX) provides that the deputy director or designee must give approval when a prisoner's requests a religious meal alternative that is different from the vegan meal option is not an individual specifically designated to make a final judgment on whether a prisoner is provided a religious meal alternative. (ECF No. 29-5, PageID.286-287.) It also shows that prisoners' whose faiths require their meals comply with Kosher or Halal religious tenets may be provided the vegan meal option, because the vegan meal option

6

further attests that because of McKee's position and MDOC's policy, McKee must have been personally involved in his denial of religious alternative meals. (*Id.*) Martin also attributes Chaplin Rink's statement that he (Plaintiff) would not receive a religious meal alternative to McKee's alleged personal involvement. (ECF No. 1, PageID.20.)

During his deposition, Martin stated that he is suing McKee because McKee "is in Lansing, [and] he's one of the ones that make [sic] the decision based on if I can get the religious alternative meal." (ECF No. 29-2, PageID.252.) At no point during the deposition does Martin elaborate on how McKee was involved in denying him a religious meal alternative.

In grievance **URF 16-11-4118-20E**, Martin only mentions McKee at Step I along with URF Director of Food Services Gugin and a John Doe. (ECF No. 29-3, PageID.265.) As in his deposition, Martin fails to elaborate on how McKee was involved the decision to deny Martin an alternative religious meal option. Instead, Martin simply states that McKee and others violated his rights under the First Amendment and RLUIPA.

In the opinion of the undersigned, Martin has not placed evidence in the recording showing that McKee had personal involvement in his case. Accordingly, the undersigned concludes that McKee is entitled to summary judgment.

---

complies with those tenets. (*Id.*, PageID.286.) And to be provided the vegan meal option, a prisoner must provide a written request upon the Warden and receive approval from the CFA Special Activities Coordinator. (*Id.*)

7

## VI. Sovereign Immunity

To the extent that Martin is suing McKee in his official capacity, such claims are barred by the Eleventh Amendment. The Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

> A suit against a state official in his or her official capacity for damages cannot be maintained pursuant to § 1983 because that official has Eleventh Amendment immunity. This is true because "a suit against a state official in her or her official capacity is not a suit against the official but rather is a suit against the official's office." As such, a suit against a state official in his or her official capacity is no different than a suit against the state.

*Clark v. Chillicothe Corr. Inst.*, No. 2:19-CV-954, 2020 WL 1227224, at *3 (S.D. Ohio Mar. 13, 2020) (citations omitted).

The Sixth Circuit, in interpreting *Will*, has held "that plaintiffs seeking damages under § 1983 [must] set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials. *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). To the extent that Martin seeks money damages, costs and fees from McKee in his official capacity, that part of his lawsuit is barred by sovereign immunity.

## VII. Constitutionality of MDOC's Vegan Meal Policy

As discussed in the introduction of this Report & Recommendation, the underlying basis of this action is Martin's challenge to the validity of MDOC's policy to provide a vegan meal option for prisoners' whose faiths require adherence to Halal religious tenets. Numerous courts – including the Sixth Circuit and this District –

have rejected the arguments that Halal vegan meals served to inmates constitute a substantial burden on their Muslim beliefs. *Robinson v. Jackson*, 615 F. App'x 310, 313-314 (6th Cir. 2015); *Davis v. Heyns*, No. 1:15-cv-19, 2017 WL 762401 (W.D. Mich. Feb. 28, 2017) (holding that the MDOC's Halal vegan meal policy does not create a substantial burden on the prisoner's religious beliefs as required under the First Amendment Free Exercise Clause and RLUIPA); *Hudson v. Caruso*, 748 F. Supp. 2d 721, 729-730 (W.D. Mich. 2010) (denying the prisoner's request for a preliminary injunction that would require the MDOC to amend its Halal vegan meal policy by providing a Halal meat because his challenges under the First Amendment Free Exercise Clause and RLUIPA would likely be unsuccessful); *Rains v. Washington*, No. 2:20-cv-32, 2020 WL 1815839 (W.D. Mich. Apr. 10, 2020) (holding that the Muslim prisoner failed to state a claim under the First Amendment Free Exercise Clause and RLUIPA because the MDOC's Halal vegan meal policy does not establish a substantial burden on his religious beliefs). The *Robinson* panel explained:

> Under the First Amendment, inmates have the right to the free exercise of their religion. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). However, ... Robinson is receiving meals that do not violate his religion. And while he may prefer to be served "[H]alal meat entrees rather than vegetarian entrees and non-meat substitutes, his food preferences, as a prisoner, are limited." *Cloyd*, 2012 WL 5995234, at *4; *see also Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) ("The Constitution does not mandate comfortable prisons."). Prisoners have a constitutional right to meals that meet their nutritional needs; indeed, they have a constitutional right to be served meals that do not violate their sincerely-held religious beliefs. *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010). But there is no constitutional right for each prisoner to be served the specific foods he desires—such as Halal meat—in prison. *See Spies v. Voinovich*, 173 F.3d

9

> 398, 406-07 (6th Cir. 1999) (holding that providing a Buddhist prisoner with a vegetarian diet but not a vegan diet was constitutionally permissible, and "the fact that Plaintiffs dislike the alternate diet available does not render it unreasonable or legally deficient.").
>
> We therefore agree with the district court that Robinson has not presented "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" for the simple reason he alleges no specific misconduct. *Iqbal*, 556 U.S. at 678.

*Robinson*, 615 F. App'x at 314. Accordingly, the undersigned concludes that Martin has not shown, and cannot show, that Halal vegan meals constitute a substantial burden on his religious beliefs. Therefore, the undersigned respectfully recommends that the Court dismiss Martin's First Amendment free exercise and RLUIPA claims.

### VIII. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment states that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Martin was required to present evidence demonstrating "intentional and arbitrary discrimination" and he must present evidence demonstrating that he "[was] intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal quotation omitted). Marin falls short of satisfying these requirements.

According to his complaint, Martin's equal protection claim is based on McKee denying him proper nutrition. (*See* ECF No. 1, PageID.22-24.) He was denied proper nutrition, as Martin described it, because he was not provided a religious meal

10

alternative as he requested. (*Id*.) At no point, does Martin attest to how he was receiving disparate treatment in comparison to similarly situated prisoners. Consequently, the undersigned concludes that there is no genuine issue of fact that Martin failed to establish a Fourteenth Amendment equal protection claim.

## IX. Qualified Immunity

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once a defendant raises the qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant officer violated a right so clearly established "that every 'reasonable official would have understood that what he [was] doing violate[d] that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The analysis entails a two-step inquiry. *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). First, the court must "determine if the facts alleged make out a violation of a constitutional right." *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (1982)). Second, the court asks if the right at issue was "'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it." *Id*. (citing *Pearson*, 555 U.S. at 232). A court may address these steps in any order. *Id*. (citing *Pearson*, 555 U.S. at 236). A government official is entitled to qualified immunity if

11

either step of the analysis is not satisfied. *See Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016).

In applying the first step of the qualified immunity analysis, a court must identify "the specific constitutional right allegedly infringed" and determine whether a violation occurred. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The court considers the state of the law at the second step. As the Supreme Court has observed, "this Court's case law does not require a case directly on point for a right to be clearly established, [but] existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, __ U.S. __, 137 S. Ct. 548, 551 (2017) (internal quotation marks and original brackets omitted) (quoting *Mullenix v. Luna*, __ U.S. __, 136 S. Ct. 305, 308 (2015)). "'[C]learly established law' may not be defined at such 'a high level of generality.'" *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 992 (6th Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). "[A] plaintiff must identify a case with a similar fact pattern that would have given 'fair and clear warning to officers' about what the law requires." *Id.* (quoting *White*, 137 S. Ct. at 552). Stated differently, "[o]n both the facts and the law, specificity is [a court's] guiding light." *Novak v. City of Parma*, 932 F.3d 421, 426 (6th Cir. 2019).

As explained above in Sections VII and VIII, Martin has failed to establish that McKee has violated his clearly established rights. Accordingly, the undersigned concludes that McKee is entitled to qualified immunity.

12

## X. Recommendation

The undersigned respectfully recommends that this Court grant McKee's motion and dismiss Martin's remaining claims against McKee with prejudice. If the Court accepts this recommendation, the case will be dismissed.

Dated: May 25, 2020 /s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).